J-A26011-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JOSUE PEREZ LOPEZ AND MAYELI HERNANDEZ | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CROWN EQUIPMENT CORPORATION OMNILIFT, INC., LIFT, INC., CLEMENS FOOD GROUP, LLC, CLEMENS FAMILY CORPORATION, HATFIELD QUALITY MEATS, INC., HATFIELD QUALITY MEATS, LLC. | : | No. 3146 EDA 2022 |
| | : | |
| APPEAL OF: CROWN EQUIPMENT CORPORATION | : | |

Appeal from the Order Entered November 22, 2022
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  171204161

BEFORE:  DUBOW, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY DUBOW, J.:                     **FILED MAY 21, 2024**

Appellant, Crown Equipment Corporation, appeals from the November 22, 2022 Order granting the motion for post-trial relief filed by Appellees, Josue Perez Lopez and Mayeli Hernandez, and ordering a new trial in this products liability action.  After careful review, we affirm.[1]

---

[1] Following oral argument of this appeal, the parties submitted several filings. Addressing Appellant's filings, we grant Appellant's December 11, 2023 Application for Leave to File Post Submission Communication and accept as filed Appellant's "Motion to Strike [Appellees' December 4, 2023 Post-Argument Submission] or, in the Alternative, Response to Post-Argument

*(Footnote Continued Next Page)*

The relevant facts and procedural history are as follows. On January 14, 2016, Mr. Lopez was injured in the course of his employment with Clemens Food Group while operating an electric pallet jack manufactured and distributed by Appellant. On December 28, 2017, Appellees filed a complaint raising Negligence, Strict Liability, Breach of Implied Warranties, Recklessness/Punitive Damages, and Loss of Consortium against Appellant[2] asserting, *inter alia*, that the pallet jack was defective and/or defectively designed.

The case proceeded through discovery. Shortly before the commencement of trial, Appellees filed fifteen motions *in limine* seeking to preclude the admission of certain evidence including evidence regarding industry standards, Mr. Lopez's or his employer's negligence, and evidence related to the operator manuals and warnings Appellant provides to users who purchase the pallet jack at issue. The trial court denied each of Appellees'

Submission of Appellee" appended thereto. We deny Appellant's Motion to Strike.

With respect to Appellees' filings, we grant Appellees' December 19, 2023 Application for Leave to File a Post-Argument Submission and accept as filed Appellees' Post-Argument Submission appended thereto. In addition, we grant Appellees' January 9, 2024 Application for Leave to File a Supplemental Notice of Authority and accept as filed Appellees' Notice of Supplemental Authority appended thereto.

[2] Appellant also asserted claims against the other captioned defendants, each of whom the court dismissed from the case prior to trial.

motions without prejudice to raise the objections again at the appropriate time during trial.

Immediately prior to trial, Appellees filed a *praecipe* to withdraw their negligence claim against Appellant, indicating that they wished to proceed to trial only on their strict liability claim.[3]  Trial commenced on September 22, 2022, and ended in a mistrial seven days later when the number of available jurors fell below the threshold required to continue.  Thereafter, the court ordered the immediate empanelment of a new jury and directed that all evidentiary rulings made thus far would remain in place, and all evidence in the record would be read to the new jury following presentation of counsel's new opening statements.  The second trial began with jury selection on September 30, 2022.

During both the first and second trials, Appellees reasserted certain issues raised in their motions *in limine*.  Ultimately, the trial court precluded the admission of evidence of (1) industry standards; (2) Mr. Lopez's or his employer's negligence, including the employer's failure to train; (3) the purported ubiquity or preference of customers in the marketplace for the product; (4) the instruction manual and warnings that Mr. Lopez never saw; and (5) lack of prior incidents.

Appellees made numerous objections during both the first and second trials to what it characterized as Appellant's counsels' violations of the trial

---

[3] The trial court had dismissed, or Appellees had discontinued or settled, all other claims against all other parties prior to the commencement of trial.

court's evidentiary rulings and, in three instances, requested that the court grant a mistrial. In response, the trial court sustained the objections and issued numerous warnings and admonitions to counsel to comply with its rulings. The court, however, declined to grant a mistrial.

On October 7, 2022, the jury returned a verdict for Appellant. On October 17, 2022, Appellees filed a post-trial motion for a new trial alleging that Appellant's counsel's conduct in repeatedly violating the court's evidentiary orders during trial prejudiced the jury to the extent that it was not capable of fairly weighing the evidence and entering an objective verdict. Post-Trial Motion, 10/17/22, at ¶ 68. Appellees argued that Appellant's counsel's repeated transgressions of the court's evidentiary rulings resulted in counsel eliciting impermissible testimony regarding: (1) employer negligence; (2) the comparative negligence of Mr. Lopez; (3) industry standards; (4) product warnings and instructions; (5) collateral source; and (6) lack of prior incidents. *Id.* at ¶ 77. Appellees argued that the "cumulative nature of all of [Appellant's] counsel's violations most certainly warrant a new trial [because] each violation was improper and prejudicial [and] the cumulative effect insurmountably prejudiced [Appellees]." *Id.* at ¶ 78.

On October 27, 2022, Appellant filed a response to Appellees' post-trial motion in which it argued that Appellees did not present a proper basis for a new trial because Appellees did not identify in the motion any evidence that the court improperly admitted at trial. Appellant asserted that Appellees instead merely argued that the jury's verdict was tainted by counsel's

- 4 -

questions to various witnesses; however, Appellees objected to those questions and the trial court sustained the objections. Thus, according to Appellant, the court prevented the admission of any evidence to the jury that may have prejudiced the outcome of the trial and, thus, the court did not commit any errors warranting a new trial.[4]

Following its review of the motion and based on its conclusion that Appellant's counsel engaged in "persistent and demonstrated intentional efforts to mislead the jury and confuse the issues in this case[,]" the trial court granted Appellees' motion for a new trial. Trial Ct. Op., 5/22/23, at 1. Noting that Appellant "persistently sought to shift the issues in the trial to defenses prejudicial, unrelated[,] and unavailable to a defendant in a strict product liability action, defenses that are not permitted under Pennsylvania law[,]" *id.* at 4, the trial court explained that it found that Appellant's "misconduct, whether intentional or not, polluted the jury and had sufficiently violated the court's directives and repeated admonishments to have infected the proceedings and prejudiced" Appellees. *Id.* Accordingly, the court found that the only "just and proper remedy" to "cure the profound and pervasive taint of [Appellant's] efforts to end run around the court's trial rulings" was to grant Appellees a new trial. *Id.*

---

[4] Appellant also denied that the questions counsel posed sought to elicit inadmissible evidence and asserted in the alternative that even if the court had not sustained Appellees' objections, the evidence elicited by those questions was not the type that the court ruled inadmissible.

This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

I.     Whether the [t]rial [c]ourt erred in granting the [m]otion for [p]ost-[tr]ial [r]elief and [n]ew [t]rial[] because it failed to identify a single mistake or error that was made during the trial?

II.    Whether the [t]rial [c]ourt erred in granting a new trial without identifying any inadmissible evidence or conduct of counsel that was actually presented to the jury and which unfairly prejudiced [Appellees]?

III.   Whether the [t]rial [c]ourt erred in granting a new trial because its [o]rder was an abuse of discretion, manifestly unreasonable[,] and based upon a misapplication of the law and the [t]rial [c]ourt's partiality and bias?[5]

Appellant's Brief at 6.

**A.**

Appellant challenges the trial court's order awarding a new trial to Appellees. "The grant of a new trial is an effective instrumentality for seeking and achieving justice in those instances where the original trial, because of taint, unfairness or error, produces something other than a just and fair result[.]" *Harman ex rel. Harman v. Borah*, 756 A.2d 1116, 1121 (Pa. 2000) (citation omitted). "Trial courts have broad discretion to grant or deny a new trial[.]" *Id.* Absent a clear abuse of discretion, we will not overturn an order granting a new trial. *Id.* at 1122. "A trial court commits an abuse of

---

[5] Appellant did not include this issue in its Rule 1925(b) Statement of Errors Complained of on Appeal. It is, therefore, waived. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement . . . are waived.").

discretion when it rendered a judgment that is manifestly unreasonable, arbitrary, capricious, has failed to apply the law, or was motivated by partiality, prejudice, bias, or ill will." ***Mirabel v. Morales***, 57 A.3d 144, 150 (Pa. Super. 2012) (citation and internal quotation marks omitted). With respect to our review of the trial court's exercise of its discretion, we are mindful that, "[a] trial judge is in the best position to observe the atmosphere in which a trial is being conducted and to determine whether a statement in the heat of trial by counsel or a witness has had a prejudicial effect on the jury." ***Clark v. Hoerner***, 525 A.2d 377, 381 (Pa. Super. 1987).

This court has explained that a new trial is appropriate where:

the unavoidable effect of [counsel's] conduct or language was to prejudice the factfinder to the extent that the factfinder was rendered incapable of fairly weighing the evidence and entering an objective verdict. **If [counsel's] misconduct contributed to the verdict, it will be deemed prejudicial and a new trial will be required.**

***Poust v. Hylton***, 940 A.2d 380, 385 (Pa. Super. 2007) (citation omitted, emphasis in original).

Moreover, where an attorney or party engages in conduct that judicial instruction cannot cure, "the only remedy is a new trial, in order to promote fundamental fairness, to ensure professional respect for the rulings of the trial court, to guarantee the orderly administration of justice, and to preserve the sanctity of the rule of law." ***Mirabel***, 57 A.3d at 151 (citation and internal quotation marks omitted).

Where the trial court orders a new trial "in the interests of justice," we apply a "broad scope of review, examining the entire record for any reason sufficient to justify a new trial." **Harman**, 756 A.2d at 1123 (citation omitted).

**B.**

In its first two issues, Appellant raises numerous grounds for its conclusion that the trial court erred in granting Appellees a new trial. Initially, Appellant asserts that the trial court erred because the court failed to identify a single specific, factual, legal, or discretionary mistake at trial that would warrant a new trial and, instead, awarded a new trial based on its "unsupported and generalized conclusion that [Appellant] repeatedly violated its orders in an attempt to 'bombard' the jury with inadmissible evidence." Appellant's Brief at 26. Appellant argues, in particular, that the trial court properly ruled on Appellees' requests for mistrials and motions for curative instruction and that, therefore, these rulings were not grounds for a new trial. *Id.* at 27-31. It also argues that the court did not, in fact, improperly admit any evidence at trial that resulted in unfair prejudice to Appellees and that Appellant's counsel did not, through its examination or argument, present any unfairly prejudicial evidence to the jury. *Id.* at 31-33.

In the alternative, Appellant asserts that the court's curative instructions prevented any prejudicial conduct resulting from its examination or argument, because "Pennsylvania courts have routinely held that juries are presumed to follow the trial court's instructions, including its curative instructions following an improper question." *Id.* at 34 (citation omitted). Appellant adds that its

conduct was not "so offense or egregious" that the curative instructions issued here would be insufficient to "obliterate the taint" to the jury. *Id.* at 41.

## C.

The trial judge, an experienced and impartial jurist, presided over both the first and second trials in this matter and, thus, had the opportunity to twice observe the atmosphere of the trial and to determine whether counsel's conduct had a prejudicial effect on the jury. Following its observations of counsel's conduct, the court concluded that a new trial was warranted. As noted above, the court explained that it reached this conclusion based on Appellant's counsel's: (1) "persistent and demonstrated intentional efforts to mislead the jury and confuse the issues in this case"; (2) "substantial and prejudicial violations of the court's rulings on admissible evidence" which "suggest[ed] purposeful attempts to evade the court's rulings despite admonitions to counsel"; and (3) persistent attempts to "shift the issues in the trial to defenses prejudicial, unrelated[,] and unavailable to a defendant in a strict product liability action." Trial Ct. Op. at 1, 3, 4. Following its consideration of the verdict and the record as a whole, the court concluded that Appellant's counsel's misconduct "infected the proceedings and prejudiced [Appellees]" by "profound[ly] and pervasive[ly] tainting" the proceedings. *Id.* at 4. The court in its discretion, thus, determined that "the only just and proper remedy" was to grant Appellees a new trial. *Id.*

Following our review of the record, we find no abuse of discretion. In light of the unique circumstances of this case, the trial court's decision to grant

Appellees' motion for a new trial was based on careful observation of the proceedings and thoughtful consideration of the parties' interests and their arguments. Appellant has not persuaded this Court that the trial court failed to apply the law or rendered a decision that was manifestly unreasonable, arbitrary, or capricious. Accordingly, we affirm the trial court's order awarding Appellees a new trial.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/21/2024